UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

1:23-cv-1059
Robert J. Jonker
U.S. District Judge

DAVID ANGEL SIFUENTES III,
Plaintiff,

CASE NO.

HON.

FILED - KZ
October 6, 2023 11:26 AM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
mg Scanned by JHS 10/6/23

V.

AVVO, INC.,
Defendant.

DEMAND FOR JURY TRIAL

## COMPLAINT

Now comes, the Plaintiff David Angel Sifuentes III, In Pro Se and submits this complaint, and demand for jury trial. Sifuentes is seeking relief for identity theft via data breach, personal information being exposed, along with email and passwords stolen from a data breach from Avvo, which Sifuentes has standing to bring this complaint. *See In re Zappos.com, Inc., 884 F.3d 893 (9th Cir. 2018), Galaria v. Nationwide Mutual Insurance Co. No., 663 F.App'x 384 (6th Cir. 2016),* invasion of privacy by public disclosure of private facts, negligence, negligent and or intentional infliction of emotional distress, conversion (use of information without permission) breach of bailment, failure to provide safeguard security measures and protection to Sifuentes for the breach, and risk of future injury, Washington's Consumer Protection Act. and Unfair and deceptive act or practice also the Michigan Consumers Protection Act, Washington and Michigan data breach laws RCW 19.255.010; MCL 445.72.

Sifuentes is seeking damages of $300,000.00 in damages and punitive damages of $2,000,000.00 for a total of $2,300,000.

Sifuentes ask this Court to liberally construe his pleadings, legal documents, arguments and not fault him for not citing are applying the correct case law, statute and applicable laws under *Haines v. Kerner, 404 U.S. 519 (1972).* Pro se litigants can be excused from full compliance with technical procedural rule, provided there is substantial compliance. *Norefleet v. Walker, 684 F.3d*

1

688 (7th Cir. 2012). Court and staff have a special responsibility to scrutinize carefully pro se complaints. *Chapman v. Kleindienst, 507 F.2d 1246, 1253 (7th Cir. 1974)* (district court has responsibility for finding hidden jury demands in the middle of complaints). ). A court must accept all allegations of well-plead factual allegations as true, *League Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007)*, and factual allegations alone is what matters. *Albert v. Carovano, 851 F.2d 561, 571 n.3 (2nd Cir. 1988).*

## *Jurisdiction*

This court has **_both personal and diversity jurisdiction_** and jurisdiction of all state law matters under this complaint, Sifuentes is a citizen of Michigan and Avvo is a citizen of Washington, therefore this court has diversity Jurisdiction as Avvo is a cooperation headquartered at 720 Olive Way, Suite 1400, Seattle, WA 98101, and therefore the parties are different citizens and this court has jurisdiction of all civil matters as the damages are more than $75,000 28 U.S.C. § 1332. Sifuentes is seeking damages of $300,000.00 and punitive damages of $ 2,000,000 which can also be added for jurisdictional purposes. *Hayes v. Equitable Energy Res. Co., 226 F3d 560 (6th Cir. 2001).* This court also has personal jurisdiction under the "minimum contacts" rule as Sifuentes received services from Avvo being an account via online in Michigan. Pursuant to MCL 600.711, a Michigan court may exercise general personal jurisdiction over a defendant-corporation if: (1) it is incorporated under the laws of Michigan; (2) the defendant has consented to personal jurisdiction in Michigan; or (3) the corporation "carr[ies] on… a continuous and systematic part of its general business within the state."

Michigan's long-arm statute "has been construed as conferring on the state courts the maximum scope of personal jurisdiction consistent with due process." *Amway Corporation v. Kope Food Products, Inc., 840 F. Supp. 78, 80 (W.D. Mich. 1993).* The exercise of limited jurisdiction "occurs where 'a State exercises jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'" *Kmart Corp. v. Key Industries, Inc., 877 F. Supp. 1048, 1051 (E.D. Mich. 1994)*, quoting *Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9 (1984).* Michigan extends limited jurisdiction over nonresident corporations pursuant to MCL § 600.715. Pursuant to Michigan's Long Arm Statute, MCL 600.715, "a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal

jurisdiction" exists when a corporation's acts "create any of the following relationships: (1)[t]he transaction of any business within the state" or "(2) [t]he doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort." In interpreting MCL 600.715, the Michigan Supreme Court has held that "[t]he word 'any' means just what it says. It includes 'each' and 'every.' It comprehends 'the slightest.'" *Sifers v Horen 385 Mich 195, 199 n 2, 188 NW2d 623 (1971)*.

### *Article III standing*

Sifuentes has Article III standing in this court to his data breach complaint. *See In re Zappos.com, Inc., 884 F.3d 893 (9th Cir. 2018), Galaria v. Nationwide Mutual Insurance Co. No., 663 F.App'x 384 (6th Cir. 2016)*. The United States Supreme Court has "found standing based on a 'substantial risk' that the harm will occur even if not literally certain the harms will come about. *Galaria, supra citing (Clapper v. Amnsesty Int'l USA, 133 S.Ct. 1138, 1150 n.5)*. Sifuentes has standing where his data was stolen by hackers which can access are already hacked his email, also obtained personal information, also other reasons discussed in this complaint.

### *Timing, Equitable tolling, and statue of frauds.*

Sifuentes complaint is timely from the discovery of the breach around November 2022, under, RCW 4.16.080, Michigan law MCL 600.5805. Under Washington law since this is a fraudulent matter concerning theft and the cause of action in such case not to be deemed to have accrued until the discovery. RCW 4.16.080(4). Although the data breach occurred in 2018, Avvo never reported the breach are notified anyone what happened. Sifuentes took reasonable steps of investigating the matter once he was put on notice of and learned of the severability of the breach. Also discovery of fraud is applicable in this matter, *Merck & co. v. Reynolds, 559 U.S. 633, 644 (2010): Cf: Rotkiske v. Klemm, 140 S.CT. 355 (2019), MCL 440.2201*, where Avvo took no action and covered up the breach, no notification was ever sent to Sifuentes to notify him of the breach. Sifuentes claims are timely under Michigan, law MCL 600.5805. Equitable tolling is applicable to all of Sifuentes claims under Washington and Michigan law as he was never notified by Avvo of the breach and is tolled, as he has been exercising due diligence in the

3

investigation of his claims, *Fowler v. Guerin, Case no. 100069-3 (Wash. Aug. 18, 2022)*, MCL 600.5856, and still suffers harm of the breach where his personal information (data property) was stolen under Avvo's security where it is "fairly traceable" his personal information from Avvo had been on the dark web. Sifuentes personal information was stolen and was supposed to be protected Avvo has a duty to protect all sensitive data which they neglected to do so in this matter.

### *Complaint*

1. On or about November 2022 Sifuentes found that he was a victim of a data breach from Avvo from Firefox and Credit Karma (See Exhibit "A") notifying him that his personal information had been compromised since around May 2018. Avvo disregarded its users rights by not taking adequate measures to protect their personal and sensitive data, and not notifying its account holders of the breach.

2. Sifuentes has suffered invasion of privacy by public disclosure of private facts where his personal information has been exposed and stolen and taken without him knowing and without permission his personal property being his data form Avvo. Sifuentes has indeed suffered concrete injury in fact, due to the exposure of his financial and personal information. *TransUnion v. Ramirez, 141 S.Ct. 2190 (2021)*.

3. Sifuentes is going through negligent and intentional infliction of emotional distress as his personal information has been stolen. Avvo 'intentionally, willfully, recklessly, or negligently" failed to take sufficient measures to safeguard the data. In fact, cyber criminals have had access to Sifuentes data from Avvo. Sifuentes is scared as hackers can commit crimes with his personal information and credit card information. Sifuentes information is also on the dark web as scanned by Experian dark web scan.

4. Bailment, failure to promptly notify of the breach and provide security measures and protection to Sifuentes for the breach.

5. Risk of future and ongoing injury.

6. Sifuentes is seeking $300,000.00 for actual damages for injuries caused by both negligent and intentional infliction of emotional distress such as being very mad, angry, and sacred, worried, nervous and has trouble sleeping and scared of what else hackers whole stole his information will do with his personal information.

8. Sifuentes seeks $2,000,000 in exemplary, economic and non-economic damages, compensatory and punitive damages injunctive and declaratory relief as this is calculated from the fines and penalties associated from companies concealing data breaches from victims such as the Equifax which settled for $575,000,000 Capital data breach that settled for $190 million for failing to take action with data breach protocols.

9. Avvo is in violation of the Washington's Consumer Protection Act. and Unfair and deceptive act or practice an Michigan Consumer Protection Act for deceptive practices by not taking safeguarded measures and being neglect to protect Sifuentes data and preventing exposure of customers payment information, and not notifying Sifuentes of the breach.

10. Avvo has violated Washington and Michigan data breach laws ; RCW 19.255.010, MCL 445.72, by failure to personally notify data breach victims and follow security procedures. By not doing so Sifuentes has stolen password with Avvo and used for other accounts, had been exposed. Under Washington law email and passwords are considered sensitive data. RCW 19.255.010.

## **RELIEF REQUESTED**

**WHEREFORE,** Sifuentes **PRAYS** that this Honorable court grant relief as follows:

Award Sifuentes $300,000.00 in actual damages for negligent and intentional infliction of ongoing emotional distress for being mad upset and under stress and $2,000,000.00 in exemplary, compensatory and punitive damages injunctive and declaratory relief, for a total of $2,300,000 or in the alternative Award $150,000.00 in actual damages and that Avvo provide Sifuentes with 6 years of LifeLock to help clean and restore Sifuentes identity.

Respectfully submitted,

By:_____
Plaintiff In Pro Se
David Angel Sifuentes III
439 More St. NE
Grand Rapids, MI 49503
(616)283-5215
davidsifuentes61@yahoo.com

DATED: October 3, 2023

David Angel Sinclair III
439 More St. NE
Unit 2
Grand Rapids, MI 49503

U.S. POSTAGE PAID
FCM LG ENV
GRAND RAPIDS, MI 49504
OCT 04, 2023
$2.31
49007
R2305K136125-2
RDC 99

Clerk
107 Federal Bldg
410 W Michigan Ave
Kalamazoo, MI 49007