**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**1:23-cv-1059**
Robert J. Jonker
U.S. District Judge

DAVID ANGEL SIFUENTES III,
Plaintiff,

CASE NO.

HON.

**FILED - KZ**
October 6. 2023 11:26 AM

U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
_mg_ Scanned by МА̄ 10 4 23

V.

AVVO, INC.,
Defendant.

**DEMAND FOR JURY TRIAL**

_____/

## PLAINTIFFS MEMORANDUM OF LAW IN SUPPORT OF COMPLAINT

## STATEMENT OF FACTS

On are around November 2022 Sifuentes obtained a report from Firefox and Credit Karma, (Exhibit A), and informing him that his personal information was comprised from Avvo. Sifuentes did not contact Avvo about the breach. Sifuentes opened an Avvo account around 2018, in regards of their un regards of their online lawyer searching services failed to secure and protect through careless security and negligence personal information concerning Sifuentes personal information such as the email address, davidsifuentes61@yahoo.com dave9074@gmail.com and password which he used for other accounts. Further facts may be presented in this pleading. The breach occurred sometime in 2018 and again December 17, 2019 according to a Experian dark web scan Sifuentes personal information such as emails and passwords which he used for numerous accounts, the same one used with Avvo, which is "fairly traceable" to the breach Avvo had on file such as his email and password he has been using.

## STANDARD OF REVIEW AND APPLICABLE LAW

A data breach victim may seek relief in Federal Court when a company has failed to protect the data of its customers. See *Galaria v. Nationwide Mutual Insurance Co., 663 F.App'x 384 (6th Cir. 2016)*. This includes heightened risk of future injury, *In re U.S. Office of Personnel Management Data, 928 F.3d 42 (D.C. Cir. 2019)*. A litigant need not provide proof of monetary damage to bring a claim of data breach in Federal Court. A plaintiff threatened with future injury has standing to sue "if the threatened injury is 'certainly impending,' or the risk that the harm will occur. See *In re Zappos.com, Inc., 884 F.3d 893 (9th Cir. 2018)*. A litigant need only provide *concrete proof* that his personal information had been comprised by the breach. See *Transunion LLC v. Ramirez, 141 S.Ct. 2190 (2021),*

Sifuentes is a Michigan citizen living in Grand Rapids, Michigan and Avvo is a citizen of Washington located at Seattle the acts occurred in Michigan. Jurisdiction is proper in this matter. *Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010)*.

Sifuentes complaint is timely from the discovery of the breach around November 2022, under, RCW 4.16.080, Michigan law MCL 600.5805. Under Washington law since this is a fraudulent matter concerning theft and the cause of action in such case not to be deemed to have accrued until the discovery. RCW 4.16.080(4). Although the data breach occurred in 2018 and 2019, Sifuentes took reasonable steps of investigating the matter once she was put on notice of the and learned of the severability of the breach. Also discovery of fraud is applicable in this matter, *Merck & co. v. Reynolds, 559 U.S. 633, 644 (2010): Cf: Rotkiske v. Klemm, 140 S.CT. 355 (2019), MCL 440.2201,* where Avvo took no action and covered up the breach, no notification was ever sent to Sifuentes to notify him of the breach. Sifuentes claims are timely under Michigan, law MCL 600.5805. Equitable tolling is applicable to all of Sifuentes claims as he was never notified by Avvo of the breach and is tolled, as he has been exercising due diligence in the investigation of his claims, MCL 600.5856, and still suffers harm of the breach where his personal information where it is "fairly traceable" his personal information from Avvo had been on the dark web. Sifuentes personal information was stolen and was supposed to be protecte. Avvo has a duty to protect all sensitive data which they neglected to do so in this matter.

Sifuentes has suffered invasion of privacy by public disclosure of private facts where his personal information has been stolen and taken without him knowing and without permission. Sifuentes is going through negligent and intentional infliction of emotional distress as his

personal information has been stolen for nearly 4 years plenty of time for hackers and cyber criminals to cause harm, in the hands of cyber criminals. The Avvo information can be used to obtain personal accounts read email from gmail and yahoo and intercept personal information which exposes his social security number and banking account information from other banks. This is stressful and Sifuentes is very mad and scared as hackers can commit crimes with his personal information and payment information he used with Avvo. Sifuentes information is also on the dark web. Avvo was negligent and had carless security, measures. Sifuentes is going through negligent and intentional infliction of emotional distress as his personal information had been stolen. Avvo 'intentionally, willfully, recklessly, or negligently" failed to take sufficient measures to safeguard the data. In fact, it is "fairly traceable" cyber criminals have had access to Sifuentes data from Avvo. Sifuentes is scared as hackers can commit crimes with his personal information. Sifuentes information is also on the dark web.

Emails are linked to Sifuentes other accounts, which he submits personal information. This is private and no one would know personnel facts of Sifuentes concerning the info with Avvo.

These acts are bailment, failure to notify promptly of the breach and provide security measures and Protection to Sifuentes for the breach. The data is Sifuentes personal property that he entrusted and had stored with Avvo. As discussed Avvo has an express duty to take care of their account holders, under applicable state and federal laws. See RCW 19.255.010; MCL 445.72.

Sifuentes suffers negligent and or intentional emotional distress and risk of future and ongoing injury the act occurred in 2018 due to the breach as the personal information that was exposed and stolen from  Avvo is "fairly traceable" to the breach. See *Galaria v. Nationwide Mutual Insurance Co., 663 F.App'x 384 (6th Cir. 2016).*

Avvo is in violation of the Washington's Consumer Protection Act. and Unfair and deceptive act or practice an Michigan Consumer Protection Act for deceptive practices by not taking safeguarded measures and being neglect to protect Sifuentes data and preventing exposure of customers payment information, and not notifying Sifuentes of the breach RCW 19.255.010 and Michigan Law MCL 445.72.

Sifuentes is seeking $300,000.00 for actual damages for injuries caused by negligent intentional infliction of emotional distress such as being very mad, angry, and sacred, worried, nervous and has trouble sleeping and scared of what else hackers stole and can steal from his information,  *Buchholz v. Meyer Njus Tanick, PA, 946 F. 3d 855 (6th Cir. 2020)*, and will do as

3

they keep accessing his accounts and his information is in the dark web damages for intentional infliction for these acts and future acts or appropriate in this matter. See e.g. *Greta L. Anderson v. American Airlines, 352 Fed.Appx. 182 (9th Cir. 2009); Baker v. Johnson Morrell & Co., 266 F.Supp.2d (N.D. Iowa 2003); Morgan v. New York life Insurance co., 559 f.3d 425, 443 (6th Cir. 2009)*. Sifuentes reserves the right to assert and clarify additional claims.

Avvo has violated Washington and Michigan data breach laws ; RCW 19.255.010, MCL 445.72, by failure to personally notify data breach victims and follow security procedures. By not doing so Sifuentes personal information has been stolen his password with Avvo was used for other accounts, had been exposed. Under Washington law email and passwords are considered sensitive data. RCW 19.255.010.

Sifuentes seeks $ 2,000,000.00 in exemplary, economic and noneconomic damages compensatory and punitive damages injunctive and declaratory relief as this is calculated from the fines and penalties associated from companies concealing data breaches from victims such as the Equifax data breach which settled for around $575,000,000, *In re: Equifax, Inc. Customer Data Security Breach litigation, Case no. 1:17-md-2800-TWT (N.D. Ga.)*, for failing to take action with data breach protocols. See e.g. *Philip Morris USA v. Williams, 549 U.S. 346 (2007)*. Also the $190 data breach settlement of Capital One.

Sifuentes ask that this honorable court not fault him for citing, interpreting or applying any incorrect law to this matter, *Haines v. Kerner, 404 U.S. 519 (1972)*, but place him in the correct legal label and theory, *Castro v. U.S., 540 U.S. 375 (2003)*.

## RELIEF REQUESTED

**WHEREFORE,** Sifuentes **PRAYS** that this Honorable court grant relief as follows:

Award Sifuentes $300,000.00 in actual damages for negligent and intentional infliction of ongoing emotional distress and $2,000,000.00 in exemplary, economic and noneconomic compensatory and punitive damages injunctive and declaratory relief, for a total of $2,300,000 or in the alternative Award $150,000.00 in actual, exemplary economic and noneconomic compensatory and punitive damages and that Avvo provide Sifuentes with 6 years of LifeLock to help clean and restore Sifuentes identity.

4

Respectfully submitted,

By: _____
Plaintiff In Pro Se
David Angel Sifuentes III
439 More St. NE
Unit 2
Grand Rapids, MI 49503
(616)283-5215
davidsifuentes61@yahoo.com

DATED: October 3, 2023

David Angel Sifuentes III
439 More 5t NE
Unit 2
Grand Rapids, MI 49503

Retail

UNITED STATES
POSTAL SERVICE

U.S. POSTAGE PAID
FCM LG ENV
GRAND RAPIDS, MI 49504
OCT 04, 2023

$2.31

49007

RDC 99

R2305K136125-2

Clerk
107 Federal Bldg
410 W. Michigan Ave
Kalamazoo, MI 49007