UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES, III,

    Plaintiff,                               Hon. Robert J. Jonker

v.                                                 Case No. 1:23-cv-1059

AVVO, INC.,

    Defendant.
_____/

### REPORT AND RECOMMENDATION

Plaintiff initiated this action against Avvo, Inc. advancing numerous state law claims. Plaintiff subsequently amended his complaint. Because Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.[1]

---

[1] Considering Plaintiff's "repeated filing of repetitive and frivolous actions in this Court," the Court has imposed on Plaintiff certain filing restrictions. *See Sifuentes v. Dave, Inc.*, 1:23-cv-984, ECF No. 18 at PageID.78-80 (W.D. Mich.). Plaintiff likewise has a history of filing frivolous actions in other courts. *See, e.g., Sifuentes v. Google Inc.*, 2:22-mc-50916 ECF No. 2 (E.D. Mich.) (noting that Plaintiff, in light of his history of filing frivolous actions, is prohibited from filing any new action in the Eastern District "without first obtaining leave").

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The sole basis of subject matter jurisdiction in Plaintiff's complaint is diversity jurisdiction. But Plaintiff's conclusory assertions regarding the amount in controversy, unconnected to any factual allegations, appear to be rote assertions not made in good faith. Beyond that, the complaint is devoid of any factual allegations beyond a bare allegation of a data breach and the existence of harm. *See, e.g., Turman v. Equifax, Inc.*, 2020 WL 1493859 at *3 (N.D. Ohio, Mar. 27, 2020) ("the mere averment of the amount claimed to be in controversy is not enough to confer jurisdiction").

This is not enough to survive principles of *Twombly* and *Iqbal*. To the contrary it is emblematic of that which the Supreme Court determined would not suffice to pass muster under Rule 8. A review of the Complaint reflects that it is an "unadorned, the-defendant-unlawfully-harmed-me accusation" that offers nothing more than "labels and conclusions" with "naked assertions" "devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                          Respectfully submitted,

Dated: January 6, 2025                                    /s/ Phillip J. Green
                                                                 PHILLIP J. GREEN
                                                                 United States Magistrate Judge